```
              IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION

LAKEVIEW LOAN SERVICING, LLC      )
                                  )
     Plaintiff,                   )
vs.                               )    CASE NO.:
                                  )
DAVID E. MOBLEY,                  )
AMERICAN NATIONAL HOME            )
MORTGAGE, INC.,                   )
THE GEORGIA DEPARTMENT OF REVENUE,)
THE UNITED STATES                 )
                                  )
     Defendants.                  )
```

**COMPLAINT**

Plaintiff sues the Defendants as follows:

1. Plaintiff has title to the real property and/or claims at issue which has standing to bring this suit.

2. The Defendants have and/or claim interests in the real property at issue in this case, adverse to those of Plaintiff.

3. Per 28 U.S.C. §1331, §1340, §1346, §2409, §2410, 26 U.S.C. §6321 and §7425, federal jurisdiction exists as Defendant United States claims tax liens in the real property at issue. ***California v. Arizona***, 440 U.S. 65-67 (1979); ***Equity v. Lenz***, 420 Fed. Appx. 940, LEXIS 6768 (11th Cir. 2011); ***Fl. v. Dept. of Interior***, 768 F.2d 1251 (11th Cir. 1985); The tax lien of Defendant Georgia in the real property is subject to those of the United States, which is not in possession of the property, to which jurisdiction exists. ***Bouchard v. Updegraff***, 147 F.3d

1349 (11th Cir. 1998) *citing* **Cal. v. Deep Sea**, 118 S. Ct. 1472 (1998) Per 28 U.S.C. § 1367, jurisdiction exists on all claims.

4. Personal jurisdiction exists and is proper per O.C.G.A. § 9-10-91 and/or the Constitution where the Defendants reside and/or conduct business in Georgia and/or claim ownership interests in the real property at issue, adverse to Plaintiff.

5. Under 28 U.S.C. § 1391 and § 90, venue is proper as the Defendants reside in this District, where a substantial part of the events or omissions giving rise to the claim occurred, the location of the real property at issue.

6. The real property at issue is described as:

ALL THAT TRACT OR PARCEL OF LAND, LYING AND BEING in Land Lot 47 of the 14th FF District, Fulton County, Georgia, being Lot 22 of Barrow Subdivision, Unit Three, as per plat recorded in Plat Book 79, Page 29, Fulton County Records, which plat is incorporated herein by this reference and made a part of this description.

945 Niskey Lake Circle, S.W., Atlanta, Georgia, 30331

7. On 10/20/95, Roderick C. White executed and delivered a Warranty Deed to Donna L. Wise and Tommy A. Wise, conveying the Property to them, recorded 10/27/95, Fulton Book 20197, Page 243.

8. On 2/18/98, the Wises executed and delivered a promissory note to Defendant American National Home Mortgage [ANHM] for the principal sum of $247,500.00, for which the Property was secured as collateral for the AHMN Note per a Security Deed recorded 4/9/98, Book 24334, Page 1.

9. The 1998 Note and Security Deed were never transferred and/or assigned by Defendant AHNM to another person or entity, which appear to lack a witness signature, contrary to O.C.G.A. § 44-14-33 and 44-14-61.

10. On or about 3/16/01, AHNM was administratively dissolved by the Tennessee Secretary of State and can no longer conduct business in any state.

11. On 1/15/02, Tyler C. McCain, Esq. executed an affidavit, recorded 2/4/02, Book 31791, Page 521-522, affirming the 1998 Note and Security Deed were satisfied at the closing of another loan by the Wises on 5/4/99, for which a cancellation was not recorded by Defendant AHNM, despite a request to do so.

12. On 1/16/02, the Wises negotiated a note for the principal sum of $36,000.00 to IBM Southern Employees Federal Credit Union, for which the Property was secured as collateral by a Security Deed recorded 2/4/02, Book 31791, Page 523.

13. On 12/30/03, the Wises negotiated a note for the principal sum of $292,000.00 to IndyMac for which the Property was secured as collateral by a Security Deed recorded 12/30/03, Book 37119, Page 682.

14. On 4/8/11, IBM executed a Subordination Agreement, subordinating its 2002 Security Deed to the 2003 IndyMac Security Deed, recorded 4/13/11, Book 49988, Page 1414.

15. The 2011 IBM Agreement stipulated the 2003 Security Deed was the sole first-position security deed in the Property, which never mentioned or referenced the 1998 AHNM Security Deed.

16. The 1998 AHNM Security Deed was satisfied by 2001 and/or to be cancelled by 2011.

17. On 6/8/11, FDIC, receiver for Indy Mac, transferred and assigned the 2003 Note and Security Deed to Deutsche Bank, Trustee of the IndyMac INDX Mortgage Loan Trust 2004-ARI, Mortgage Pass Through Certificates, Series 2004-ARI by an assignment dated 6/8/11, recorded 6/28/11, Book 50170, Page. 1.

18. On 9/6/11, Deutsche Bank conducted a non-judicial foreclosure sale of the Property, per the 2003 Security Deed, foreclosing all subordinate interests in the Property, per a Deed under Power recorded 10/10/11, Book 50469, Page 29.

19. On 7/31/12, Deutsche Bank executed a Special Warranty Deed, conveying the Property to Defendant Mobley, recorded 8/30/12, Book 51595, Page 509.

20. On 7/31/12, Defendant Mobley executed and delivered a promissory note for the principal sum of $117,826.00 to Mortgage Electronic Registration Systems [MERS] as nominee for Lender Prospect Mortgage, LLC, funding his purchase of the Property.

21. The Property was secured as collateral for the 2012 Note by a Security Deed executed by Defendant Mobley on 7/31/12, recorded 8/30/12, Book 51595, Page 511.

22. On 12/17/12, Defendant Georgia Department of Revenue [GDOR] recorded a tax lien for $1,055.27 in income taxes against Defendant Mobley, Fulton Lien Book 2543, Page 83.

23. On 9/9/15, MERS, nominee for Prospect, executed an Assignment, transferring/assigning the 2012 Note and Security Deed to Prospect, recorded 9/15/15, Book 55380, Page 329.

24. On 3/22/16, Prospect executed an Assignment, transferring and assigning the 2012 Note and Security Deed to Plaintiff, recorded 4/5/16, Deed Book 56086, Page 88.

25. On 9/6/16, Defendant United States recorded a federal tax lien for $91,738.91 in income taxes as to Defendant Mobley, Fulton Lien Book, 3696, Page 85, listing his address as the Property, executed 8/27/16 by Cheryl Gardner for P.A. Belton.

26. Plaintiff held and owned its Note and Security Deed and had standing to enforce them since before commencing this action.

27. All interests in the Property are subject to, subordinate and inferior to Plaintiff's Security Deed.

28. All conditions precedent to suit occurred, were fulfilled, waived and/or their occurrence and/or fulfillment was unnecessary and/or futile.

## COUNT I: TITLE TO REAL PROPERTY AND RELATED RELIEF AGAINST ALL DEFENDANTS

29. ¶1-28 are incorporated by reference.

30. Plaintiff's Security Deed was intended as the senior interest in the Property, the intended collateral for its Note, which funded the purchase of the Property by Defendant Mobley.

31. The 1998 Security Deed of Defendant AHNM was satisfied and/or should have been cancelled, per the 2001 dissolution of AHNM and/or per the 2002 Affidavit and/or 2011 Agreement.

32. The 1998 Security Deed is null, void and invalid, which improperly/erroneously encumbers and clouds Plaintiff's title to the Property as an alleged prior security deed which Plaintiff lacks an adequate legal remedy to address.

33. Per 28 U.S.C. § 2201 *et seq*, O.C.G.A. § 23-1-1 *et seq,* O.C.G.A. § 44-2-40 *et seq* and applicable principles, Plaintiff requests the Court declare, establish and quiet its senior title to the Property, cancelling and removing the satisfied 1998 Security Deed from title to the Property.

## COUNT II: JUDICIAL FORECLOSURE OF REAL PROPERTY AND RELATED RELIEF AGAINST ALL DEFENDANTS

34. ¶ 1-28 and ¶ 33 are incorporated by reference.

35. Defendant Mobley breached Plaintiff's Note and Security Deed, failed to make payments on them and did not otherwise comply with their terms.

36. Plaintiff accelerated the principal balance of its Note and Security Deed, of which Defendant Mobley was given notice and/or notice was not required and/or is futile.

37. Per 28 U.S.C. § 2001 and § 2201 *et seq*, O.C.G.A. 44-14-49 and applicable principles, Plaintiff requests the Court declare, establish and judicially foreclose its senior interest in the Property, its fixtures, appurtenances, rents, contents and insurance for the principal sum of its Note and Security Deed, plus interest, charges, expenses, costs and fees, taxes and abstracting, in which all other claims and interests are inferior, subordinate, barred, foreclosed and quieted to all right, title, interest and equity of redemption.

### COUNT III: POSSESSION AND RELATED RELIEF AGAINST DEFENDANT MOBLEY AND/OR ALL OTHERS

38. ¶ 1-27, ¶ 33 and ¶ 37 are incorporated by reference.

39. Defendant Mobley and/or all others occupy and possess the Property, of which Plaintiff and/or any purchaser at sale is entitled to post-sale possession.

40. Per Fed. R. Civ. P. 64-65, O.C.G.A. § 44-11-1 and applicable principles, Plaintiff requests the Court award sole possession of the Property to Plaintiff and/or any other purchaser at sale, ejecting Defendant Mobley and/or any others.

## COUNT IV: ENFORCEMENT OF INSTRUMENTS AND RELATED RELIEF AGAINST DEFENDANT MOBLEY

41. ¶ 1-27, ¶ 35-37 are incorporated by reference.

42. Plaintiff's Note and Security Deed are in default and Defendant Mobley is indebted to Plaintiff for their full, accelerated balance.

43. Plaintiff requests that the Court award damages as to Defendant Mobley for the full principal due on the its Note and Security Deed, exceeding $76,000.00, plus pre and post-judgment interest, attorney's fees and costs.

44. Per O.C.G.A. § 13-1-11, Defendant Mobley is notified that, unless all principal, interest and other charges due to Plaintiff under its Note and Security Deed are paid within ten (10) days of the date of service of the Complaint, then Plaintiff shall be entitled to enforce and invoke the attorney's fees provisions of these instruments and Mobley shall be further indebted to Plaintiff for attorney's fees and costs.

45. Defendant Mobley is not currently in and has not been in the military for the last 30 days and is not subject to protection by the Service Members Civil Relief Act.

WHEREFORE, Plaintiff prays for the following relief:

a) Under Count I, that the Court declare, establish and quiet Plaintiff's senior title in the Property, cancelling and removing the satisfied 1998 Security Deed from title to the Property; and

b) Under Count II, that the Court declare, establish and judicially foreclose Plaintiff's senior interest in the Property, its fixtures, appurtenances, rents, contents and insurance for the principal sum of Plaintiff's Note and Security Deed, plus interest, charges, expenses, costs and fees, taxes and abstracting, in which all other claims and interests are inferior, subordinate, barred, foreclosed and quieted to all right, title, interest and equity of redemption; and

c) Under Count III, the Court award sole possession of the Property to Plaintiff and/or any other purchaser at sale, ejecting Defendant Mobley and/or any others; and

d) Under Count IV, the Court award damages as to Defendant Mobley for the full principal due on the its Note and Security Deed, exceeding $76,000.00, plus pre and post-judgment interest, attorney's fees and costs; and

e) All other just and proper relief.

## L.R. 5.1 (C) CERTIFICATE OF COMPLIANCE

Per L.R. 5.1(C), I certify this pleading was prepared per L.R. 5.1(B) in Courier New, 12 point typeface.

Respectfully submitted this 13th day of December, 2016.

> By: */s/Paul G. Wersant*
> Paul G. Wersant
> Georgia Bar No. 748341
> 100 Galleria Parkway, Suite 960
> Atlanta, Georgia 30339
> Telephone: (770) 373-4242, Ext: 2476
> Fascimile: (770) 373-4260
> Email: pwersant@alaw.net
> Attorney for Plaintiff